UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Joseph Davis, | ) C/A No.  3:09-437-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Joyce Monts, Asst. Solicitor; | ) |
| M.A. Lawson, Greenville Police Dept.; | ) Report and Recommendation |
| T.M. Conroy, Greenville Police Dept.; | ) |
| Scott D. Robinson, Esq.; | ) |
| James L. Goldsmith, Jr. Esq., | ) |
| Defendants. | ) |

_____

Jeremy Joseph Davis, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants a state assistant solicitor, two defense attorneys, and two police officers.[2] Plaintiff seeks monetary damages, as well as declaratory relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff states that he was arrested on January 27, 2003, for the offenses of distribution of heroin and distribution of heroin in proximity of a school. Plaintiff bonded out of jail on February 9, 2003, but was rearrested on June 7, 2003, for failure to appear in court. Plaintiff indicates that he was assigned Defendant James L. Goldsmith, Jr. as counsel in July of 2003, but never met with this attorney. Plaintiff retained Defendant Scott D. Robinson as his attorney for a bond hearing in August of 2003. Plaintiff bonded out of jail a second time on November 20, 2003. Plaintiff was scheduled for trial in January of 2004, but still had not heard from Defendant Goldsmith. Plaintiff alleges that Defendant Robinson appeared to represent Plaintiff at the hearing and made the comment, "if I were you I would run." Plaintiff states he followed this advice. Although unclear from the complaint, it appears that Plaintiff may have been arrested elsewhere on unrelated charges and sentenced to a term of imprisonment. (Plaintiff's complaint, statement of claim, page 4).

In any event, Plaintiff was delivered to the Greenville County Detention Center on December 19, 2006, pursuant to the Interstate Agreement on Detainers. Plaintiff placed a call to Defendant Goldsmith in January of 2007, but later learned that Defendant Robinson would be representing Plaintiff in court. Plaintiff went to court on February 7, 2007, and was offered a plea agreement by Defendant Joyce Monts, an Assistant Solicitor for Greenville County. Plaintiff indicated to Defendant Monts and Defendant Robinson that he wanted to proceed to trial. However, Plaintiff claims Defendant Monts and Defendant Robinson assured Plaintiff that he would get a sentence "identical to the one he was already serving" and "would not even be in the South Carolina Dept. Corrections a month." Thus, Plaintiff entered a guilty plea to one drug charge. Plaintiff's remaining charge was dismissed as part of the plea negotiation. (Plaintiff's complaint, statement of claim cont'd, pages 5-6).

Plaintiff filed an application for post-conviction relief regarding his conviction and indicates he learned that the "defendants used false information to get warrants and indictments against [him]." Therefore, Plaintiff claims the Defendants have filed "false charges" against him, and have subjected the Plaintiff to "malicious prosecution, abuse of process, and negligence." (Plaintiff's complaint, statement of claim cont'd, pages 6-7).

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff indicates Defendant Goldsmith is an attorney who was assigned to represent him in a criminal matter, but failed to do so. Defendant Robinson is named as the attorney who Plaintiff retained to represent him at a bond hearing, and who was apparently appointed to represent Plaintiff during the remainder of his criminal case. As Plaintiff's allegations

regarding these Defendants stem from their representation of Plaintiff, or lack thereof, during his criminal proceedings, these Defendants actions were not performed "under color of state law." Thus, Defendants Goldsmith and Robinson are not amenable to suit under § 1983, and are entitled to summary dismissal from this action.

Additionally, as an assistant solicitor, Defendant Joyce Monts has absolute immunity insofar as her prosecutorial actions in the Plaintiff's criminal case are concerned.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976).  Solicitors are elected by voters of a judicial circuit.  Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).  Any possible claims the Plaintiff may be attempting to raise regarding Defendant Monts' prosecution of his criminal case are barred from suit under § 1983.  Therefore, Defendant Monts should also be dismissed from Plaintiff's case.

Finally, Plaintiff's complaint makes no factual allegations against Defendants T. M. Conroy and M.A. Lawson.[3]  The complaint's general claim of rights being violated in reference an alleged false arrest and/or malicious prosecution, absent any supporting factual information,  does not state a claim under § 1983.  Although the Court must liberally construe the  *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support

---

[3] Defendants T.M. Conroy and M.A. Lawson are listed in the caption of the complaint, and as "Parties" in Section III. Plaintiff indicates that each of these Defendants is a City of Greenville Police Officer.

his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Thus, Plaintiff's claims against Defendants Conroy and Lawson are subject to summary dismissal.

It is noted that, even had Plaintiff provided sufficient facts against Defendants Conroy and Lawson regarding his alleged false arrest, his case would still be subject to dismissal. The Supreme Court has held that, in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87. A favorable determination on the merits of the Plaintiff's claims in this §1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. Although Plaintiff indicates that he has filed an application for post-conviction relief, he has not demonstrated that his confinement/conviction has been successfully challenged.

Therefore, the complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.



Joseph R. McCrorey<br>United States Magistrate Judge

March 10, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).