IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremy Joseph Davis,     #222918, | ) | C/A No.  3:09-437-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Joyce Monts, Asst. Solicitor; M.A. Lawson, Greenville Police Dept.; T.M. Conroy, Greenville Police Dept.; Scott D. Robinson, Esq.; and James L. Goldsmith, Jr., Esq., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Jeremy Joseph Davis, is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 seeking money damages and declaratory relief against several defendants.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation ("Report") suggesting that this court should dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. The Report sets forth

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

in detail the relevant facts and standards of law on these matters, and the court incorporates such without a full recitation.

The plaintiff was advised of his right to file objections to the Report which was filed on March 11, 2009. The plaintiff filed a pleading styled "Motion for Rule 60, and or 62 for Abeyance of Proceedings." The court will construe this document as an objection to the Report.

A review of the Report reveals that this action is clearly one that should be summarily dismissed. One of the defendants, James L. Goldsmith, Jr., was the plaintiff's attorney. As the Magistrate Judge observes, private attorneys, whether court-appointed or not, do not act under "color of state law" for purposes of § 1983 litigation. Another defendant, Joyce Monts, has absolute immunity insofar as her prosecutorial actions are concerned.

The Magistrate Judge also notes that the plaintiff's complaint makes no factual allegations against defendants Conroy or Lawson who are apparently Greenville City police officers. Moreover, the Magistrate Judge notes that even if there were sufficient facts alleged against defendants Conroy or Lawson, the plaintiff's claim would still be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).

As noted previously, the plaintiff's response to the Report assumes that the matter has already been decided and seeks reconsideration of the decision of the Magistrate Judge. In any event, the pleading does not provide any information that in any way rebuts the Magistrate Judge's conclusions. In other words, the plaintiff merely asserts that he was

"attempting to meet the statute of limitations" for filing a § 1983 action. Then the plaintiff asks the court to "consider this and advise him of the appropriate actions to take."

After a careful review of the record, the applicable law, the Report, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, all objections are overruled, the Report is incorporated herein by reference, and the case is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 29, 2009　　　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　　　United States District Judge